

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*
*United States Attorney*

*Judson T. Mihok*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4903*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*
*TTY/TDD: 410-962-4462*
*Judson.Mihok@usdoj.gov*

March 16, 2011

Michelle Engert
Assistant Federal Public Defender
Tower II, Suite 900
100 South Charles Street
Baltimore, Maryland 21201

    Re:    United States v. Jeffrey Trantham
           Criminal No.  CCB 10-0170

Dear Ms. Engert:

       This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by March 18, 2011, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

       1.     The Defendant agrees to plead guilty pursuant to Fed. R. Crim. P.11(c)(1)(C) to Counts Three and Ten of the Criminal Indictment charging him with Sexually Exploiting a Minor for the Purpose of Producing Visual Depictions of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(a), and Possession of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

### Elements of the Offense

       2.     The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Count Three-Production 

That on or about the date specified in Count One of the Indictment, in the District of Maryland, the Defendant:

      a.    Knowingly employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct;

      b.    For the purpose of producing a visual depiction of such conduct;

      c.    And the Defendant had reason to know that the materials used to produce the visual depictions were transported in interstate and foreign commerce.

Count Ten-Possession 

That on or about the date specified in Count One of the Indictment, in the District of Maryland, the Defendant:

      a.    The defendant knowingly possessed a Corsair Voyager 8 GB thumb drive that contained at least one image of child pornography; and

      b.    That such image or images contained on the hard drive had been transported in interstate or foreign commerce, including by computer, or that such image or images had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer; and

      c.    That at the time of such possession the defendant knew that such image or images contained on the thumb drive constituted child pornography.

3.    Penalties

      a.    The sentence provided by statute for each of the offenses to which your client is pleading guilty is as follows: for Count Three, not less than fifteen (15) years and not more than thirty (30) years imprisonment, a $250,000 fine, and supervised release for not less than five years and not more than life; and for Count Ten, not more than ten (10) years imprisonment, a $250,000 fine, and supervised release for not less than five years and not more than life. In addition, the Defendant must pay $100 as a special assessment for each count of conviction, pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine

---

[1]    Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

      b.      The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

### Waiver of Rights

      4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

      a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

      b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

      d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

      e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence

to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

<u>Advisory Sentencing Guidelines Apply</u>

    5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

    6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

**A. PRODUCTION OF CHILD PORNOGRAPHY**

  **1. Count Three**

    (i) The base offense level is thirty-two (32) pursuant to U.S.S.G. § 2G2.1(a).

    (ii) Pursuant to U.S.S.G. § 2G2.1(b)(1), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense.

    (iii) Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), there is a two (2) level

4

increase because there was commission of a sexual act or sexual conduct.

(iv) Pursuant to U.S.S.G. § 2G2.1(b)(3), there is a two (2) level increase because the offense involved distribution.

(v) Pursuant to U.S.S.G. § 2G2.1(5), there is a two (2) level increase because the minor was in the custody, care or supervisory control of the defendant.

**The offense level, therefore, is forty-two (42).**

### 2. Count Ten/Relevant Conduct

The Guidelines calculation must also take into consideration the fact that the Defendant distributed child pornography. U.S.S.G. § 1B1.2(c), as follows:

(i) Pursuant to § 2G2.2(a)(2) of the United States Sentencing Guidelines, the base offense level is 22.

(ii) Pursuant to U.S.S.G. § 2G2.2(b)(2), the offense level is increased by two (2) levels because the material involved multiple images of prepubescent minors who had not attained the age of 12 years.

(iii) Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), the offense level is increased by two (2) levels because the defendant distributed images and videos.

(iv) Pursuant to U.S.S.G. § 2G2.2(b)(4), the offense level is increased by four (4) levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.

(v) Pursuant to U.S.S.G. §2G2.2(b)(5), there is a five (5) level increase because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.

(vi) Pursuant to U.S.S.G. § 2G2.2(b)(6), the offense level is increased by two (2) levels because the offense involved the use of a computer for the possession, distribution, and receipt of the material.

(vii) Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), the offense level is increased by five (5) levels because the offense involved 600 or more images of child pornography.

**The offense level, therefore, is forty-two (42).**

### B.     GROUPING

Pursuant to U.S.S.G. §§ 1B1.2 and 3D1.4, the above-referenced groups do not group and the highest offense level (42) is increased by two (2) offense levels.

**The offense level, therefore, is forty-four (44).**

### C.     ACCEPTANCE

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

**The final base offense level, therefore, is forty-one (41).**

7.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.     This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

### Obligations of the United States Attorney's Office

9.     The parties stipulate and agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), **a sentence of 480 months (40 years) imprisonment in the custody of the Bureau of Prisons and lifetime supervised release is the appropriate disposition of this case.** This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A). At the time of sentencing, the United States Attorney's

6

Office will recommend a forty (40) year sentence, a lifetime period of supervised release, and dismiss the remaining charges of the Indictment pending against the Defendant.

10.    The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

### Waiver of Appeal

11.    In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a.    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b.    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds **forty years**; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below **forty years**.

   c.    Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

12.    The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this

agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

13. The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Forfeiture

14. The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on December 12, 2009. He further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

### Entire Agreement

15. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

### Obligations of the State of Maryland

16. The matter pending in Howard County Circuit Court (Case Nos. 10-49989 & 90) will be resolved with a plea of guilty to Rape in the Second Degree with an agreed upon sentence of 20 years imprisonment [+ all suspended] to be served consecutively to the sentence imposed in this federal case. The remaining counts will be dismissed by the State of Maryland at the time of sentencing. It is contemplated by all parties that there will be an unopposed motion in Howard County Circuit Court to modify the sentence to be run concurrently to the federal sentence at a future date.

17. The parties, to include the State of Maryland, all agree that upon Mr. Trantham's release that he will not be supervised by the State of Maryland and that he will be on federal supervised release for a period of life. The Defendant will be required to register as a sex

8

offender pursuant to both Federal and Maryland state law.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Judson T. Mihok
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

3/18/11
Date 3/17/11 MG JT                         Jeffrey Trantham

I am Jeffrey Trantham's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

3/18/11
Date 3/17/11 ME JT                          Michelle Engert, Esquire

The State of Maryland has participated in the negotiation of this agreement and agrees to be bound by the terms contained herein.

_____          _____
Colleen McGuinn                          Joseph Murtha, Esq.
ASA for Howard County MD                 Counsel for Mr. Trantham

(see attached page 9)

9

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Judson T. Mihok
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

3/18/11
Date  3/17/11  JT                    Jeffrey Trantham

I am Jeffrey Trantham's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

3/18/11  ME  JT
Date  3/17/11                        Michelle Engert, Esquire

The State of Maryland has participated in the negotiation of this agreement and agrees to be bound by the terms contained herein.

_____           Michelle Engert for
Colleen McGuinn                     Joseph Murtha
ASA for Howard County MD            _____
                                    Joseph Murtha, Esq.
                                    Counsel for Mr. Trantham

**ATTACHMENT A-STATEMENT OF FACTS**

The undersigned parties hereby stipulate and agree that if this case had proceeded to trial the

9

## ATTACHMENT A-STATEMENT OF FACTS

The undersigned parties hereby stipulate and agree that if this case had proceeded to trial the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.

Jeffrey Trantham, age 24, is a resident of Ellicott City, Maryland.

On or about December 12, 2009, Howard County police officers executed a search and seizure warrant at Mr. Trantham's residence. The search warrant was based, in part, on images received in Canada indicating a prepubescent minor ▓▓▓▓ was being sexually abused by an adult male. Mr. Trantham appeared to be the adult male in the images sent to an individual who used the screen name "zoe" in Canada.

A Howard County police corporal arrested Mr. Trantham and provided him his *Miranda* rights. Initially he denied being involved in sexual exploitation of children. Later in the interview he admitted that between August 2009 and September 2009 he repeatedly sexually abused a prepubescent minor female under the age of 8, hereinafter Jane Doe 1, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Mr. Trantham further admitted that he took sexually explicit photographs of her, and sent them to at least three other people over the Internet. He also explained that he sent, via a live broadcast through a web camera, images of Jane Doe 1 ▓▓▓▓▓▓▓▓▓▓

Mr. Trantham told Jane Doe 1 not to tell anyone what was going on because he would get in trouble and have to go to jail for a very long time.

Forensic review of Mr. Trantham's computer revealed numerous images of child pornography, including images depicting the repeated sexual abuse of Jane Doe 1. Specifically, on or about August 24, 2009, Mr. Tratham induced and coerced Jane Doe 1, a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. The image, entitled IMG-001.jpg ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The image was taken in Maryland, and the camera used to take the image was manufactured outside of Maryland.

Forensic review of this computer also revealed that on or about November 2, 2009, a video file entitled video2.wmv and video3.wmv, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ was sent from Mr. Tratham in Maryland to an individual with the screen name "zoe" in Canada. Additionally, two videos, video1.wmv and video2.wmv, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ were sent to an individual named "Dwight aka meph" in North Carolina.

Forensic review of the computer revealed many additional images and videos of child pornography were distributed, received and possessed by Mr. Trantham. There were well over 600 images of child pornography, and many videos in addition to those images, all depicting child pornography. Most of these involved prepubescent girls, and contained images portraying sadistic or masochistic conduct or other depictions of violence. The forensic review indicated that Mr. Trantham had distributed certain of these images of child pornography, in addition to the ones involving Jane Doe 1, through the internet using his computer. The images were stored on and/or taken with a Canon PowerShot A510 3.2 megapixel digital camera (s/n 0422136426), a Corsair Voyager 8 GB thumb drive, a SanDisk Cruiser 512 MB thumb drive, and an Acer Aspire One Netbook (s/n LUS670B2289251F2521601). Mr. Trantham knowingly possessed these items and knew that they contained images and video of child pornography that he had acquired from the internet, thereby affecting interstate and foreign commerce.

All of the images and videos described in this statement of facts were on disks or computers manufactured outside the State of Maryland.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

_____  _____
Date                              Jeffrey Trantham